(Clark County, Ohio, Probate Court.)

IN RE ESTATE OF JEREMIAH RIERDON.

1. The widow and minor children not being required to make a demand to secure a year's allowance, mere lapse of time will not be considered as a waiver or relinquishment of such right.

2. Where no appraisement of an estate has been made, and thereby no year's allowance set off to the widow and her minor children on her application, such

appraisement will be ordered any time while said estate remains unsettled.

3. If any portion of said estate has been used by the widow for her support, the same shall be taken into consideration by the appraisers in making such allowance.

ROCKEL, J.

In July 1890, Jeremiah Rierdon died testate leaving a widow and two minor children under 15 years of age. At the time of his death he was seized of realty of the value of about $3000.00, and personalty consisting only of household goods.

The will provided that the widow should have a life estate in the realty, and the personal property absolutely. No provision or mention was made in the will about the widow's year's allowance.

One Joseph Bolan qualified as executor, and sold part of the real estate, applied the proceeds towards the debts of decedent, and resigned his trust. The will requested that no inventory be made, and none was made by the executor.

The widow elected to take under the will. When Bolan resigned, there was still a mortgage debt on the remaining real estate unsatisfied. The widow took possession of the real estate, collected the rents, and applied some I think of the proceeds, to the payment of the interest on the mortgage.

It was perhaps, the intention of the widow to endeavor to keep such real estate for her minor children until they became of age by applying the proceeds arising from the rental of the property towards the satisfaction of the mortgage. However, she had, by her own fault or otherwise, made no deduction in the amount of this mortgage, taxes have accrued and expenses have occurred which would seem to require a further administration of the estate. The widow now asks that an administrator de bonis non be appointed, and that he be required to make an inventory of the remaining estate of said decedent. One of the admitted objects of this application is, for the purpose of having such inventory made wherein the appraisers may set off to the widow and her minor children, her statutory year's allowance. No particular objection is made to the appointment of an administrator de bonis non, but the order of appraisal and incidentally thereto, the granting of the widow's allowance, is resisted. The filing of an inventory by an administrator de bonis non, can be omitted unless in the opinion of the court it is necessary. Section 6023 Revised Stat.

It is claimed by the heirs that the widow by accepting the provisions of the will, as well as by her acquiescing in the resignation of the executor and taking the rental of property, has waived her right to a year's allowance. It is said that as her allowance, could only be had by an appraisement, and the will directing there should be no such appraisement,

and she elected to take under the will, that thereby she agreed to and did waive her claim to such year's allowance.

In the recent case of Baker v. Baker 51 Ohio St. 217, it was held, that the request that the executor should not be required to give bond, is not an essential part of the will. The language of the court, on page 224, is applicable to the case at bar. Here it is said: "If nothing had been said as to the bond, the omission would not have rendered the will inoperative. And a request in the body of the will that an executor be not required to give bond, would be subject to the discretion of the court admitting the will to probate, which might grant letters testamentary with or without bond. as it might deem expedient, and when granted without bond, the court might at any time subsequent, upon the application of any party interested require a bond to be given."

Likewise in the case where the will requests that no appraisement be made, it is within the discretion of the court whether or not, such request is followed, and therefore it occurs to me, it is really no part of the will. The section which provides for the widow's election likewise does not seem to require that this be considered a part of the will.

Section 5964 relating to this subject is as follows: "But such election by the widow or widower, to take under the will, shall not bar the right to remain in the mansion house of the deceased consort, or receive one year's allowance for the support of herself and children as provided by law unless the will shall expressly otherwise direct."

It is said that because the will gives the widow a life estate in the realty and all the personalty, and thereby she gets the income of all the property of the deceased, that this by necessary implication, works a forfeiture of her claims to year's allowance. In the face of the language of the section just quoted, it would seem that something received by necessary implication, is not sufficient to bar her year's allowance. It must be an express direction. In the case of Watt v. Watt 35 Ohio St. 480, a provision was made that the widow should use the income of all the property in supporting the children, and it was there held that her election to take under such will and using the property for that purpose did not bar her of her year's allowance. In explaining to the widow her rights under the will, and what she retained in the event she refused to take under the will, no court would have said to her that, if she elected to take under the will, she would lose her right to a year's allowance.

As to her waiving her year's allowance for so long a period, or being estopped by her acts in accepting the rents of the real estate and acquiescing in the estate being administered, there might be some question.

The statute does not seem to place a limit upon the time within which, where appraisers fail for any cause to assign the same, a demand must be made for such allowance. It is probable that where an estate is fully settled, all debts presented paid, the administrator discharged with the knowledge of the widow, that it would be held that she could not come into court and have an administrator de bonis non appointed for the sole purpose of securing a year's allowance. But even in such a case, where there are minor children, there might be questions as to her power to waive the same.

In the case of In Re estate of Wm. T. Hough in this court, it was held, that where a widow had minor children, she could not waive her right or that of the children to a year's allowance by an antenuptial contract to that effect. But so long as the estate is in process of administration, it seems to me that there can be but little doubt. That in case where no allowance has been made to the widow and her minor children, they may come into court at any time and insist upon the executor or administrator discharging his duty in that respect. Especially is this true when no inventory of the estate was ever made. If any inventory had been made, and the appraisers failed to set apart such allowance, if such allowance was a part of the inventory, exceptions thereto might be filed within one year from the date of the return, as provided in section 6024. But it is very doubtful whether this is a part of the inventory, for by section 6042, it must be in a separate schedule, signed by the appraisers, and returned with the inventory. And it is further provided that if a review of this allowance is sought by an interested person, it must be by petition. Section 6043.

Under our statute, the widow is not required to make a demand to have a year's allowance set off to her. It is the duty of an administrator to have an inventory made and of the appraisers therein, to set apart such year's allowance. Section 6040.

The widow and children therefore, not being required to make a demand to secure such allowance, mere lapse of time could not be considered as a waiver or a relinquishment of such right.

In a case in Mississippi where it was held, that a year's provision is a claim which must be asserted by the widow, or by the children if there is no widow living, before it can be authorized by the court, even where such is the case, it was held that the time for asserting the claim not having been limited by statute to the year succeeding the decedent's death, or to any particular time, it is a claim demandable at any period before the final settlement of the estate.

McNulty v. Lewis 8 Smed & M. 526. So in New York it was held that, if, on taking the inventory, the property directed to be set apart to minor children, was not apportioned, the error may be corrected on final accounting. Clayton v. Wardele 2nd Bradf. 7.

Section 6040 provides, that if the widow or such children have, since the death of the deceased, and previous to such allowance, consumed for their support, any portion of the estate, the appraisers shall take the same into consideration in determining the amount of the allowance.

This rule was also applied in the case of Watts v. Watts 38 Ohio St. 480, and should be followed by the appraisers making the inventory, which will be ordered in this case  The matter as to homestead rights etc. can more properly be passed upon in the petition which I presume will be filed hereafter to sell the real estate of the decedent.

James Knight and Oscar T. Martin, for widow.

A. H. Gillett for estate.